```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   06-CV-3743(JMR/FLN)
```

Melvin M. Ferguson            )
                              )
        v.                    )       ORDER
                              )
SMSC Gaming Enterprise        )
and David Whitley             )

Defendants move to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1). For the following reasons, the motion is granted.

I. Background[1]

Plaintiff, an African-American man, worked as a security shift manager at Mystic Lake Casino. Mystic Lake Casino is operated by defendant SMSC Gaming Enterprise (the "Gaming Enterprise"). The Gaming Enterprise is a government branch of the Shakopee Mdewakanton Sioux (Dakota) Community of Minnesota, a federally recognized Indian tribe. Defendant David Whitley was plaintiff's supervisor.

In May, 2006, Whitley asked plaintiff to fire another employee. Plaintiff refused, and was fired by Whitley on July 14, 2006. On September 6, 2006, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC notified plaintiff it was dismissing the charge and closing its file due to lack of jurisdiction.

---

[1] For purposes here, the facts are undisputed.

Plaintiff brought this action pro se on September 18, 2006. One week later, he amended his Complaint alleging defendants discriminated against him based on his race, in violation of Title VII of the Civil Rights Act of 1964.  In his Amended Complaint, plaintiff acknowledges that Gaming Enterprise is a "tribal entity conducting business on reservation land situated in the cities of Prior Lake and Shakopee, Minnesota."

II. Discussion

"It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction." Nucor Corp. v. Nebraska Public Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989). Because plaintiff cannot carry this burden, his Amended Complaint must be dismissed.

There are two reasons why plaintiff cannot proceed with this action.  First, defendants are immune from suit in federal court. Second, the statute under which plaintiff brings this action does not allow claims against Indian tribes or against employees in their individual capacity.  The Court will address each issue in turn.

    A.    Tribal Sovereign Immunity

As the United States Supreme Court has observed, Indian tribes are "'distinct, independent political communities, retaining their original natural rights' in matters of local self-government." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 55 (1978).  While "no

2

longer 'possessed of the full attributes of sovereignty,'" tribes retain the right to make their own law regarding internal matters, and to enforce that law in their own forums. Id. at 55-56. Thus, "[a]s a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 753 (1998).

A tribe's sovereign immunity extends to its agencies. Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1044 (8th Cir. 2000) (sovereign immunity extends to tribal college); Dillon v. Yankton Sioux Tribe Housing Auth., 144 F.3d 581, 583 (8th Cir. 1998) (same, for tribal housing authority). The tribe's sovereign immunity also may extend to tribal officials in their official capacity, provided the tribe had the authority to take the action it delegated to the official. See Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1471 (8th Cir. 1994) (if tribe had authority to enact law, then officials enforcing that law are "clothed with the Tribe's sovereign immunity"); Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty., 991 F.2d 458, 460 (8th Cir. 1993) (same).

Here, the tribe's sovereign immunity protects both defendants against all claims. The Gaming Enterprise, like its predecessor Little Six, Inc., is a branch of the tribal government. Prescott v. Little Six, Inc., 387 F.3d 753, 757 (8th Cir. 2004); Charland v.

Little Six, Inc., 198 F.3d 249 (8th Cir. 1999).  As such, it enjoys sovereign immunity.  Hagen, 205 F.3d at 1044; Dillon, 144 F.3d at 583.  Similarly, claims against defendant Whitley in his official capacity are essentially claims against the tribe.  Kentucky v. Graham, 473 U.S. 159, 165 (1985).  It is undisputed that the tribe had the power to terminate plaintiff's employment.  Therefore, the tribe's sovereign immunity protects its official, Whitley, who took that action on the tribe's behalf.

Plaintiff also attempts to sue Whitley in his individual capacity.  Such a claim cannot stand.  To state a claim against Whitley in his individual capacity, plaintiff must allege facts suggesting that Whitley did not act on the tribe's behalf, or exceeded the authority granted to him by the tribe.  See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689-690 (1949).  A mere claim that Whitley made an error in exercising his authority is not sufficient.  See id. at 690.

Accordingly, absent a showing that the tribe has waived its sovereign immunity, this Court lacks subject matter jurisdiction over claims against the Gaming Enterprise and Whitley.  Hagen, 205 F.3d at 1043 (in Eighth Circuit, sovereign immunity is jurisdictional question).

B.   Title VII

Second, even if the tribe had waived its sovereign immunity, plaintiff could not establish that this Court has jurisdiction over

the subject matter of this action.

To survive defendants' motion to dismiss, plaintiff must demonstrate that his complaint presents a federal question. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, which prohibits discrimination by employers. 42 U.S.C. § 2000e-2 (2003). Ordinarily, a claim based on a federal statute presents a federal question.

However, Title VII explicitly states that the term "employer" does not include "an Indian tribe." 42 U.S.C. § 2000e(b) (2003). Therefore, Title VII claims cannot be brought against Indian tribes or their agencies or businesses. See, e.g., Morton v. Mancari, 417 U.S. 535, 545 n. 19 (1974); In re Prairie Island Dakota Sioux, 21 F.3d 302, 304 (8th Cir. 1994); E.E.O.C. v. Fond du Lac Heavy Equip. & Constr. Co., 986 F.2d 246, 250 (8th Cir. 1993); Dillon, 144 F.3d at 584 n. 3. Indeed, the Eighth Circuit has recognized that the Gaming Enterprise's predecessor, Little Six, Inc., is exempt from the requirements of Title VII. See Charland, 198 F.3d at 249 (affirming dismissal of Title VII and ADA suit for lack of subject matter jurisdiction.)

Moreover, supervisors are not individually liable under Title VII. See Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998); Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997). Accordingly, plaintiff cannot maintain a Title VII action against Whitley in his individual capacity.

Because Title VII does not apply to defendants, there is no federal question presented to this Court. As a result, this Court has no subject matter jurisdiction.

III. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted.

IT IS SO ORDERED.

Dated:  February 14, 2007

                                      s/ JAMES M. ROSENBAUM
                                      JAMES M . ROSENBAUM
                                      United States Chief District Judge